THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMOKIAM RV RESORT LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM JORDAN CAPITAL, INC., *et al.*,<br><br>Defendants. | CASE NO. C17-0885-JCC<br><br>ORDER DENYING DEFENDANTS' MOTION TO TRANSFER AND GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' Motion to Transfer (Dkt. No. 10) and Defendants' Motion to Dismiss (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the Motion to Transfer and GRANTS the Motion to Dismiss without prejudice for the reasons explained herein.

I. **BACKGROUND**

Plaintiff Smokiam RV Resort LLC ("Smokiam") is a Washington Limited Liability Company operating an RV resort in Grant County, Washington. (Dkt. No. 1 at 1.) Its principal place of business is King County, Washington. (*Id.*) Smokiam brings suit against Service One Inc., dba BSI Financial Services, Inc. ("BSI"), a Delaware corporation with a principal place of business in Texas, and William Jordan Capital, Inc. ("WJCI"), a California corporation with a

principal place of business in California. (*Id*. at 1–2.) Kingdom Trust Company ("Kingdom") is not named in the suit, but is a party to the transaction at issue.

Smokiam executed a Secured Promissory Note ("Note") on July 31, 2015 with Kingdom in exchange for a construction loan. (*Id*. at 2.) The Note requires monthly interest-only payments. (Dkt. Nos. 1 at 2, 10-2 at 1.) Principal is payable upon maturity—August 31, 2016. (*Id*.) The Note has a variety of fee and penalty provisions for late interest and principal payments. (Dkt. Nos. 1 at 2, 10-2 at 2.) Further, the Note includes the following forum-selection and choice-of-law clause:

> [Kingdom] and [Smokiam] specifically acknowledge and agree that this Note and its interpretation and enforcement are governed by the Laws of the State of California. Furthermore, each of [Kingdom] and [Smokiam] irrevocably: (i) submits to the jurisdiction of any court of the state of California, located in Orange County for the purposes of any suit, action or other proceeding arising out of this note . . . (ii) agrees that all claims in respect of any Proceeding may be heard and determined in any such court . . . (iv) agrees not to commence any Proceeding other than in such courts; and (v) waives, to the fullest extent permitted by law, any claim that such Proceeding is brought in an inconvenient forum.

(Dkt. No. 10-2 at 6.)[1] Defendants are not a party to this agreement. They service the Note. (Dkt. No. 1 at 3.)

Smokiam alleges that Defendants made numerous errors in servicing the Note, including issuing incorrect monthly statements, failing to post some of Smokiam's monthly interest payments, and charging improper late fees. (*Id*. at 3–4.) Smokiam further alleges that Defendants refused to timely communicate with Smokiam to remedy these errors. (*Id*. at 4.) Smokiam claims that, as a result of Defendants' actions, it was unable to obtain long-term financing guaranteed by the U.S. Department of Agriculture ("USDA") to refinance its construction financing with Kingdom, and will be unable to do so in the future due to a change in USDA policy. (*Id*. at 5.) It

---

[1] The Court judicially notices the documents attached to Defendants' motion. See Fed. R. Evid. 201.

further alleges Defendants were aware of the pending change to USDA policy yet failed to remedy its errors in a timely manner. (*Id*.) Smokiam asserts claims for negligence and violations of the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code § 19.86. (*Id*. at 5–7.)

Defendants move to transfer this case to another venue pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 10 at 5–8.) Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11 at 3–6.)

## II. DISCUSSION

Defendants rely heavily on the forum-selection and choice-of-law clause in making their arguments. (Dkt. Nos. 10 at 5–8, 11 at 3–4.) But the clause only has force as between Kingdom and Smokiam. (Dkt. No. 10-2 at 6.) Defendants do not allege that they represent Kingdom,[2] succeed in Kingdom's interest, or constitute a third-party beneficiary. *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745–48 (9th Cir. 1993); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1298 n.9 (3d Cir. 1996). Therefore, the Court will not give effect to the clause in resolving Defendants' motions.

### A. Motion to Transfer

A federal district court may transfer a civil action to any other district court in which the action may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Before doing so, the Court must make an individualized, case-by-case determination of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Factors for a court to consider include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the

---

[2] It would seem Defendants may be acting as an agent for Kingdom. Defendants fail to plausibly make this argument. Therefore, the Court will not consider it. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, (8) the ease of access to sources of proof," (9) whether a forum-selection clause is present, and (10) the public policy for the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "[U]nless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). Further, transfer must do more than "merely shift inconvenience" from one party to another. *Nike, Inc. v. Lombardi*, 732 F. Supp. 2d 1146, 1158 (D. Or. 2010) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986)).

On balance, the *Jones* factors do not support transfer. Factors (1)–(6) and (8) militate against it. Factors (7), (9), and (10) are neutral. No factor militates for it. Factor #1 (against): the loan was made to an entity whose principal place of business is in Washington, secured by a Deed of Trust on property in Washington, and personally guaranteed by a Washington citizen. (Dkt. No. 1 at 1–2.) Factor #2 (against): while California and Washington are both familiar with tort law, a court sitting in Washington would be more familiar with the WCPA. Factor #3 (against): Smokiam opposes transfer. (Dkt. No. 15.) Factor #4 (against): Smokiam has substantial contacts in Washington. Defendant BSI gives no indication that it has comparable contacts in California. (Dkt. Nos. 10, 18.) Factor #5 (against): the cause of action did not arise in California, it arose in Washington (where loan payments originated) and in Pennsylvania (where BSI issued its erroneous statements). (Dkt. Nos. 1 at 2, 16 at 2.) Factor #6 (against): the total litigation costs would be higher in California, as all parties would need to travel to the venue. Only Defendants need to travel to Washington. (Dkt. No. 16 at 15.) Factor #7 (neutral): neither party has plead what witnesses may be relevant in this matter. Factor #8 (against): the sources of proof are located in Washington and either Texas or Pennsylvania, but not California. (*Id*.)

1 Factor #9 (neutral): the forum-selection clause is not applicable to Defendants. Factor #10

2 (neutral): no compelling public policy argument is made by either side.

Based on the factors described above, Smokiam's choice of forum should be preserved. Defendants' motion to transfer is DENIED.

**B. Motion to Dismiss**

A court must dismiss an action if a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action, consistent with Federal Rule of Civil Procedure 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotations omitted). Although a court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez*, 487 F.3d at 1249 (quotation omitted).

          1.    <u>Negligence Claim</u>

Smokiam alleges that Defendants were negligent when they included erroneous charges on its mortgage statements, failed to credit Smokiam for payments properly made, and refused to communicate and resolve the issues in a timely manner once identified. (Dkt. No. 1 at 3–6.) Smokiam further claims it was injured as a result of these errors. (*Id*.) Defendants assert that even if these allegations are true, Smokiam fails to state a claim for which relief can be granted because they owed no duty of care to Smokiam. (Dkt. No. 11 at 4.)

As a threshold matter, the Court must determine what substantive law to apply. Defendants allege that California law controls, based on the Note's forum-selection and choice-

of-law clause. (Dkt. No. 11 at 3–4.) As discussed above, the Court will not give effect to the provision. *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1165 (9th Cir. 1996) ("A choice-of-law clause . . . may not be invoked by one who is not a party to the contract in which it appears."). Instead, the Court looks to the rules of the forum state to determine what state's substantive law to apply. *Id.* at 1164. Under that approach, absent an actual conflict between Washington law and that of another potentially-applicable state, the Court applies Washington substantive law. *Burnside v. Simpson Paper Co.*, 864 P.2d 937, 942 (Wash. 1994). The parties identify California and Washington as potentially-applicable states,[3] but fail to identify an actual conflict between the two. (*See* Dkt. No. 11 at 4) ("Washington law . . . is in accord"); (Dkt. No. 15 at 9) (pointing out the similarity between Washington and California substantive law). Therefore, the Court will apply Washington substantive law.

That said, there is little distinction between Washington and California negligence law in this area. Both jurisdictions require the following showings to support a negligence claim: (1) the existence of a duty, (2) a breach of that duty, (3) a resulting injury, and (4) causation. *Lowman v. Wilbur*, 309 P.3d 387, 389 (Wash. 2013); *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998). Defendants attack the adequacy of Smokiam's Complaint on the first element: the existence of a duty. (Dkt. No. 11 at 3–4.) Defendants assert Smokiam's claim must fail because a loan service provider owes no duty of care to a borrower under either California or Washington law. (*Id.*) Our courts concur. *See, e.g.*, *Syed v. JP Morgan Chase Bank N.A.*, 2016 WL 9175632 at *6–7 (W.D. Wash. Nov. 22, 2016); *Johnson v. JP Morgan Chase Bank N.A.*, 2015 WL 4743918 at *8 (W.D. Wash. Aug. 11, 2015); *see also Tokarz v. Frontier Fed. Sav. & Loan Assoc.*, 656 P.2d 1089, 1092 (Wash. App. 1982) (reaching a similar conclusion as our courts). So long as a loan servicer's activities do not exceed the scope of a conventional lender,

---

[3] Pennsylvania substantive law could conceivably apply, as BSI issued its allegedly erroneous statements from this jurisdiction. (Dkt. No. 16 at 2.) But none of the parties make this assertion.

ORDER DENYING DEFENDANTS' MOTION TO
TRANSFER AND DENYING DEFENDANTS'
MOTION TO DISMISS
C17-0885-JCC
PAGE - 6

the servicer will be treated as a lender for purposes of determining its duty to a borrower. *See, e.g.*, *Syed*, 2016 WL 9175632 at *6; *Johnson*, 2015 WL 4743918 at *8; *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1147 (E.D. Cal. 2013). And "[l]enders do not owe a fiduciary duty to borrowers because they conduct their transactions at arm's length." *Tokarz*, 656 P.2d at 1092. Smokiam does not present any plausible facts to support the assertion that Defendants' actions in servicing the loan between Smokiam and Kingdom exceeded that of a traditional lender. Therefore, under Washington law, Defendants do not owe Smokiam a duty of care.

Smokiam argues for a different approach. It suggests the Court should apply the factors articulated in *Biakanja v. Irving*, 320 P.2d 16, 19 (Cal. 1958), to determine whether a duty is owed by Defendants to Smokiam. (Dkt. No. 15 at 14–17.) But those factors only apply when determining the scope of a third party's duty in a negligence action. *Cooper v. Jevne*, 56 Cal. App. 3d 860, 869 (1976). Such analysis is not relevant here. Defendants, acting as a loan service provider, owe the same duty of care to Smokiam as that of the lender—Kingdom. *Khan*, 975 F. Supp. 2d at 1147. Kingdom, as the lender, owes no duty of care to Smokiam.

Smokiam fails to state a negligence claim for which relief can be granted. The portion of Defendants' Motion to Dismiss addressing Claim #1 (Dkt. No. 11 at 3–4) is GRANTED. Furthermore, further pleading will not cure the infirmity here. *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Therefore, the Court dismisses this claim with prejudice.

2. WCPA Claim

Smokiam alleges Defendants violated the Washington Consumer Protection Act (WCPA), Revised Code of Washington § 19.86, based on the manner it serviced Smokiam's loan from Kingdom. (Dkt. No. 1 at 6.) A properly plead WCPA violation requires facts demonstrating the following elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) that causes injury to the Plaintiffs' business or property, and (5) causation. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d

531, 533 (Wash. 1986). Defendants assert Smokiam failed to adequately plead the first, third, and fifth elements for a WCPA claim. (Dkt. No. 11 at 5–6.)

Regarding the first element, an unfair or deceptive act or practice, Smokiam alleges that BSI included incorrect balance amounts on its statements, refused to allow Smokiam to pay the correct amount, and when Smokiam was unable to pay the incorrect amount, BSI charged Smokiam a late fee. (Dkt. No. 1 at 3.) Unfair acts can be *per se* unfair, or can be unfair based upon the capacity of the act to deceive a substantial portion of the public. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 170 P.3d 10, 18 (Wash. 2007). Smokiam satisfies the second requirement. The allegations contained in its Complaint are sufficient to demonstrate that a substantial portion of the public *could* be deceived by BSI's practices. *See Dwyer v. J.I. Kislak Mortg. Corp.*, 13 P.3d 240, 242 (Wash. App. 2000) (including additional amounts as part of the balance due in a mortgage statement could deceive the public for purposes of a WCPA claim). This is all that is required to satisfy the first element.

Regarding the third element, impact to the public interest, Smokiam fails to provide sufficient facts in its Complaint to satisfy its pleading requirement. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 672. Smokiam merely alleges that "Defendants' actions are contrary and injurious to the public interest," but fails to provide the how and why. (Dkt. No. 1 at 6.) Only in response to Defendants' Motion to Dismiss does Smokiam provide the facts necessary to satisfy its pleading requirement. *Iqbal*, 556 U.S. at 672. That being said, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Dismissal without leave to amend a complaint is "improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Krainski*, 616 F.3d at 972. Here, it appears the infirmity could be cured with proper pleading. Therefore, the Court grants leave to amend.

Regarding the fifth element, causation, Smokiam alleges that it was unable to refinance its obligation with Kingdom through a loan with Old West Federal Credit Union, guaranteed by the USDA, because of Defendants' actions. But Smokiam fails to plead any facts supporting *why*

Defendants caused this outcome. (Dkt. No. 1 at 4–5.) Facts must be plead to allow the Court to draw a sufficient inference. *Iqbal*, 556 U.S. at 672 (2009). Like the third element, this deficiency may be curable through amendment. The Court grants leave to amend.

The portion of Defendants' Motion to Dismiss addressing Claim #2 (Dkt. No. 11 at 4–6) is GRANTED without prejudice.

## III.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer (Dkt. No. 10) is DENIED and Defendants' Motion to Dismiss (Dkt. No. 11) is GRANTED with prejudice as to Claim #1 (Negligence) and without prejudice as to Claim #2 (WCPA violation).

The Court GRANTS Smokiam leave to amend its Complaint, but only with respect to facts necessary to support a claim based on a violation of WCPA. If Smokiam chooses to file this amendment, it must be done within thirty (30) days of the date of this Order.[4] The Court's dismissal of Smokiam's WCPA claim will only take effect if Smokiam does not file an amendment to its Complaint within the prescribed time.

DATED this 22nd day of September 2017.

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] The Court cautions Plaintiff that any amendment to its Complaint would supersede the current Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).