THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMOKIAM RV RESORT LLC, | CASE NO. C17-0885-JCC |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM JORDAN CAPITAL, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's First Amended Complaint (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary, hereby DENIES the motion (Dkt. No. 25) for the reasons explained herein, and DIRECTS Plaintiff to file its proposed Second Amended Complaint (Dkt. No. 27 at 24–31) within ten (10) days of this order.

## I. BACKGROUND

The Court described the underlying facts of this case in a previous order (Dkt. No. 20) and will not repeat them here. The Court previously dismissed Plaintiff's claims with prejudice, except for claims Plaintiff brought under the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code § 19.86. *et seq.*, which the Court dismissed without prejudice and with leave to amend. (Dkt. No. 20.) Plaintiff has since filed a First Amended Complaint (Dkt. No. 23).

Defendants again move to dismiss (Dkt. No. 25). Plaintiff, in opposing Defendants' motion, includes a proposed Second Amended Complaint. (Dkt. No. 27 at 24–31.)

## II. DISCUSSION

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 25.) Defendants assert the Court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Plaintiff, a limited liability company ("LLC"), does not properly plead the citizenship of its member and is unable to satisfy the amount in controversy. (*Id*. at 8) Defendants further assert an LLC cannot bring a WCPA claim and even if it could, Plaintiff fails to allege sufficient facts to show the required elements of injury or causation. (*Id*. at 11.)[1]

### A. 12(b)(1) Motion

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) asserting lack of subject matter jurisdiction may be a facial or factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the defendant asserts that the plaintiff's allegations are insufficient on their face to confer federal jurisdiction. In reviewing such an attack, the Court assumes all material allegations in the complaint are true. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979). Here, Defendants facially attack Plaintiff's First Amended Complaint, asserting that it does not identify the citizenship of Plaintiff's members. (Dkt. No. 25 at 9–10.) Defendants are correct. A complaint containing claims by an LLC must identify the citizenship of its members in order to establish the Court's

---

[1] Defendants also assert that Plaintiff fails to allege facts supporting the unfair or deceptive act element for a WCPA claim. (Dkt. No. 13.) But the Court already ruled on this issue when considering Defendants' first motion to dismiss (Dkt. No. 20 at 8) and Plaintiff's First Amended Complaint contains the same facts supporting this element as did Plaintiff's original Complaint (*Compare* Dkt. No. 1 at 3, *with* Dkt. No. 23 at 3). The Court need not reconsider Defendants' assertion, absent a demonstration of manifest error or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. W.D. Wash. Local Civ. R. 7(h). Defendants demonstrate neither.

ORDER
C17-0885-JCC
PAGE - 2

jurisdiction. W.D. Wash Local Civ. R. 8. In response, Plaintiff submits a proposed Second Amended Complaint that cures this facial deficiency. (*See* Dkt. No. 27 at 24 ¶ 1) (declaration from Bradley Ellis that he is a citizen of Washington and is the sole member of Plaintiff Smokiam RV Resort, LLC). Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court GRANTS Plaintiff leave to amend its First Amended Complaint, as proposed. Plaintiff is DIRECTED to docket the Second Amended Complaint, as proposed, within ten (10) days of this order. This amendment resolves Defendants' first challenge.

Defendant also brings a factual challenge, asserting Plaintiff fails to plausibly allege that the amount in controversy exceeds $75,000. (Dkt. No. 25 at 10.) Normally, once the moving party factually attacks a district court's subject matter jurisdiction, the non-moving party must put forward "evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). But for purposes of the amount in controversy, "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotation marks and citation omitted). Defendants argue that the only damages Plaintiff plausibly asserts is $15,000 in additional interest accrued as a result of Defendants' alleged errors in processing Plaintiff's payments, related attorney fees, and punitive damages. (Dkt. No. 30 at 8.) In making its argument, Defendants dismiss Plaintiff's allegations of "substantial additional costs to obtain permanent financing" resulting from Defendants' actions, which Plaintiff asserts exceeds $660,000. (Dkt. No. 23 at 6). Plaintiff supports its allegations with declarations from Plaintiff's sole member and Plaintiff's banker. (*See* Dkt. Nos. 28, 29.) The Court may consider materials beyond the complaint in reviewing a factual attack on subject matter jurisdiction. *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). Given Plaintiff's assertions and related evidence, the Court concludes that it is far from a legal certainty

1 that the amount of Plaintiff's claim is less than $75,000. Plaintiff sufficiently alleges an amount in controversy in excess of the jurisdictional minimum.

On this basis, Defendants' 12(b)(1) motion to dismiss is DENIED.

**B.      12(b)(6) Motion**

A court must dismiss an action if a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action, consistent with Federal Rule of Civil Procedure 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotations omitted). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez*, 487 F.3d at 1249 (quotation omitted).

Plaintiff alleges Defendants violated WCPA based on the manner in which they serviced Plaintiff's loan. (Dkt. No. 23 at 6–8.) A properly plead WCPA claim requires facts demonstrating the following elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) that causes injury to the Plaintiffs' business or property, and (5) causation. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Defendants assert Plaintiff, as an LLC, lacks standing to bring a WCPA claim. (Dkt. No. 25 at 12–15.) Moreover, Defendants assert that even if an LLC has standing, Plaintiff failed to adequately plead the fourth and fifth elements for a WCPA claim: injury and causation.[2] (*Id.*)

---

[2] *See supra* note 1.

Defendants' standing argument is based on an unnecessarily narrow reading of the statute. According to Revised Code of Washington § 19.86.090, an injured "person" meeting the requirements of WCPA can bring a claim for recovery. For WCPA purposes, "person" is defined as "natural persons, corporations, trusts, unincorporated associations and partnerships." Wash. Rev. Code § 19.86.010. Defendants point out that LLCs are noticeably absent from this list. But that is because the list was promulgated in 1961, well before LLCs were established in Washington. *See* WASHINGTON LAWS OF 1961, ch. 216, § 1 (defining "person" for purposes of an LLC); WASHINGTON LAWS OF 1994, ch. 211 § 101 *et seq*. (establishing limited liability companies in Washington). It seems that Washington's legislature simply failed to update the language of § 19.86.010 when it established LLCs. Regardless, Revised Code of Washington § 1.16.080 provides that a "person, firm, or corporation" as used elsewhere in the Code includes a "limited liability company." *See State v. Jeffries*, 709 P.2d 819, 821 (Wash. App. 1985) ("RCW 1.16.080 defines 'person' for purposes of the entire code."). Plaintiff, as an LLC, has standing to bring a WCPA claim.

Plaintiff asserts that it was unable to refinance the short-term financing serviced by Defendants with permanent financing through Old West Federal Credit Union at a lower interest rate because of Defendants' actions. (Dkt. No. 23 at 5–6.) As a result, Plaintiff alleges that it has been unable to complete the purchase of cabin units for which it had made down payments, resulting in lost down payments and lost rental revenue. (*Id*. at 6.) Defendants counter these allegations are insufficient to satisfy demonstrate injury and causation under WCPA. (Dkt. No. 25 at 14–15.)

Defendants base their injury argument on the fact that Plaintiff is not a "person" and only "persons" may assert an injury in a WCPA claim. (*Id*.) (citing Wash. Rev. Code. § 19.86.090). But, as discussed above, Plaintiff is a "person" for purposes of its WCPA claim. As to causation, Defendants do not directly allege that Plaintiff fails to plead sufficient facts to establish a causal link between the unfair or deceptive practice allegedly engaged in by Defendants. (*See generally*

Dkt. No. 25 at 15.) Instead, Defendants assert the following counterfactuals: (1) Plaintiff's own actions led to its injuries, (2) Plaintiff failed to mitigate, and (3) an intervening action by a third party caused Plaintiff's injuries. (*Id.*) Such assertions are not appropriate for the Court to consider in a 12(b)(6) motion, where the focus is on the sufficiency of Plaintiff's allegation—not Defendants' defenses. *See Vasquez*, 487 F.3d at 1249 (the Court accepts a plaintiff's factual allegations contained in the complaint as true and construes them in the light most favorable to Plaintiff). Plaintiff states a valid WCPA claim.

For these reasons, Defendants' 12(b)(6) motion to dismiss is DENIED.

## III. CONCLUSION

Defendants' motion to dismiss (Dkt. No. 25) is DENIED. The Court GRANTS Plaintiff leave to amend its First Amended Complaint, as proposed (Dkt. No. 27 at 24–31) and DIRECTS Plaintiff to file its proposed Second Amended Complaint within ten (10) days of this order.

DATED this 27th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE